**Opinion issued January 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00237-CR

————————————

## KELOR KING, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 262nd District Court
### Harris County, Texas
### Trial Court Cause No. 1437649

---

## MEMORANDUM OPINION

Appellant, Kelor King, pleaded guilty to the second-degree felony offense of assault of family member—second offender and impeding breathing, for which the trial court deferred adjudicating his guilt and placed him on deferred adjudication community supervision for six years on September 30, 2014. *See* TEX. PENAL CODE

ANN. §§ 12.33(a), 22.01(b-1) (West Supp. 2015); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2015). On February 18, 2015, after appellant pleaded true to the allegations that he had violated the terms and conditions of his probation in the State's motion to adjudicate his guilt, the trial court assessed appellant's punishment at five years' confinement. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b). The trial court certified that appellant had the right of appeal because this was not a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2)(B).

On February 25, 2015, appellant timely filed a *pro se* notice of appeal from the judgment adjudicating guilt, and, on March 2, 2015, the trial court appointed Keisha Smith to represent appellant. *See* TEX. R. APP. P. 26.2(a)(1). Because the clerk's record, filed on April 17, 2015 in this Court, did not contain any order showing that Smith had been discharged by the trial court, it appeared that she continued to represent appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2015) (requiring appointed attorney to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"). Consequently, on August 6, 2015, the Court construed appellant's first *pro se* request to withdraw appeal, filed on July 27, 2015, as a motion to dismiss the appeal and dismissed the motion without

prejudice to refiling because it lacked his counsel's signature. *See* TEX. R. APP. P. 42.2(a).

On September 14, 2015, appellant filed a second *pro se* request to withdraw appeal, again stating that he did not wish to prosecute his appeal and requesting withdrawal of his notice of appeal. *See* TEX. R. APP. P. 42.2(a). On September 22, 2015, this Court similarly dismissed without prejudice appellant's second *pro se* request to withdraw appeal, construed as a motion to dismiss, because that motion also was not signed by his counsel. *See id.*[1]

Also on September 22, 2015, this Court abated this case for a late-brief abatement hearing because appellant's counsel, Smith, had failed to timely file a brief. *See* TEX. R. APP. P. 38.8(b)(2). On October 30, 2015, the trial clerk filed a supplemental clerk's record in this Court including, among other documents, the trial court's order, signed on April 23, 2015, granting Smith's motion to withdraw as appellant's appellate counsel, which was not included in the clerk's record.

Thus, the Court construes appellant's third *pro se* request to withdraw appeal, filed in duplicate on September 14, 2015, as a motion to dismiss the appeal filed in compliance with Texas Rule of Appellate Procedure 42.2(a) because it was signed by appellant after the trial court had permitted his appellate counsel to withdraw.

---

[1] Appellant filed two *pro se* requests to withdraw his appeal on September 14, 2015, with the second one marked by the Clerk of this Court as a duplicate, but this Court's September 22, 2015 Order dismissed only one of those motions.

3

*See* TEX. R. APP. P. 42.2(a).  Furthermore, on November 18, 2015, the court reporter filed in this Court a supplemental reporter's record of the abatement hearing, held by the trial court on October 30, 2015, in which the *pro se* appellant confirmed on the record in open court that he did not wish to pursue his appeal and requested withdrawal.  Although appellant's motion to dismiss does not contain a certificate of conference, this motion has been on file with the Court for more than ten days with no response, and no opinion has issued.  *See id.* 10.3(a), 42.2(a).

Accordingly, we direct the Clerk of this Court to **reinstate** this appeal, **grant** the appellant's motion, filed on September 14, 2015, and **dismiss** the appeal.  *See* TEX. R. APP. P. 42.2(a), 43.2(f).  We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Bland.

Do not publish.   TEX. R. APP. P. 47.2(b).